**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4102

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY LAMONT SMARR, a/k/a Sergeant Bean, a/k/a
James Earl Patterson, a/k/a Ricky Lamont
Taylor, a/k/a Rashard D. Brevard,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr., Chief
District Judge. (1:06-cr-00293-JAB)

Submitted: July 11, 2007              Decided: July 20, 2007

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Clifton T. Barrett, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Smarr pled guilty to possession with intent to distribute 207.6 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000), and the district court found Smarr qualified as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2005). After granting the Government's motion for downward departure based on Smarr's substantial assistance, the court sentenced Smarr to 148 months' imprisonment. Smarr appealed.

Smarr's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but asserting the district court erroneously sentenced Smarr as a career offender. Smarr did not file a pro se supplemental brief, despite being notified of his right to do so. In its responding brief, the Government maintains the court sentenced Smarr properly. Finding no reversible error, we affirm.

We review "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A defendant is a career offender if: (1) he was at least eighteen years old when the instant offense was committed; (2) the instant offense is a felony and is either a crime of violence or a drug offense; and

(3) he has at least two prior felony convictions for crimes of violence or drug offenses. See USSG § 4B1.1. Counsel asserts that two offenses to which Smarr pled guilty in state court should not count for career offender purposes. Counsel notes that Smarr failed to appear for sentencing as to both offenses and that according to his signed guilty plea colloquy, he could withdraw his guilty pleas if he appeared at sentencing and the trial court sentenced him above the prosecutor's recommended sentence. Because Smarr did not appear for sentencing, counsel asserts this condition was never met and the guilty pleas cannot be considered in determining career offender status. We reject this argument for the reasons stated by the Government and the district court at Smarr's sentencing hearing.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Smarr's conviction and sentence. This court requires that counsel inform Smarr, in writing, of the right to petition the Supreme Court of the United States for further review. If Smarr requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smarr.

We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED